# <u>EXHIBIT A</u>

Electronically FILED by Superior Court of California, County of Los Angeles 10/08/2026 4:15 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Villchis-David, Deputy Clerk

Todd M. Friedman, Esq. (SBN: 216752)
Shane Bernard, Esq. (SBN: 298662)
Law Offices of Todd M. Friedman, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| YEN-CHI CHANG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.:** 26STCV31954<br><br>**COMPLAINT FOR:**<br>1. **VIOLATION OF THE FAIR CREDIT REPORTING ACT**<br>2. **VIOLATION OF THE FAIR CREDIT REPORTING ACT**<br>3. **VIOLATION OF THE FAIR CREDIT REPORTING ACT**<br>4. **VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br>5. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. Plaintiff Yen-Chi Chang brings this action arising from Defendants' reporting, publication, and verification of an inaccurate and materially misleading 30-day delinquency on Plaintiff's JPMorgan Chase automobile lease after Chase's own account-linking failure concealed the lease from Plaintiff's online banking profile and displayed a $0.00 balance due.

2. Despite receiving notice of the account-linking failure, the manual intervention required to restore the account, and Plaintiff's disputes concerning the derogatory reporting,

Defendants failed to conduct reasonable investigations and continued reporting or verifying the delinquency, causing substantial damage to Plaintiff's credit, financial opportunities, and emotional well-being

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this unlimited civil action because the amount in controversy exceeds $35,000, exclusive of interest and costs.

4. This Court has concurrent jurisdiction over Plaintiff's claims arising under the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681p.

5. Venue is proper in Los Angeles County pursuant to Code of Civil Procedure sections 395 and 395.5 because Plaintiff resides in Los Angeles County, Defendants transact business in Los Angeles County, and a substantial portion of the transactions, conduct, and injuries giving rise to this action occurred in Los Angeles County.

## III. PARTIES

6. Plaintiff Yen-Chi Chang is a natural person and consumer residing in Tarzana, Los Angeles County, California.

7. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a national banking association that extended and serviced Plaintiff's consumer automobile lease and regularly furnished information concerning the account to consumer reporting agencies, including Experian, Equifax, and Trans Union.

8. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) and a consumer credit reporting agency within the meaning of California Civil Code section 1785.3(d). Experian regularly conducts business and provides consumer credit reports within Los Angeles County.

9. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) and a consumer credit reporting agency within the meaning of California Civil Code section 1785.3(d). Equifax regularly conducts business and provides consumer credit reports within Los Angeles County.

10. Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) and a consumer credit reporting agency within the

meaning of California Civil Code section 1785.3(d). Trans Union regularly conducts business and provides consumer credit reports within Los Angeles County.

11. Plaintiff is presently unaware of the true names and capacities of Defendants sued as DOES 1 through 10, inclusive, and therefore sues those Defendants by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

12. Plaintiff is informed and believes, and based thereon alleges, that each Defendant was the agent, employee, representative, partner, joint venturer, alter ego, or co-conspirator of each remaining Defendant and, in performing the acts alleged herein, acted within the course and scope of that relationship and with the authorization, knowledge, consent, or ratification of the remaining Defendants.

## IV. FACTUAL ALLEGATIONS

13. On or about December 24, 2025, Plaintiff entered into a consumer lease for a 2026 Tesla Model 3 financed and serviced through Chase. The account bears an identifying number ending in 4015.

14. Plaintiff intended to make every payment when due and attempted to monitor and manage the lease through Chase's online banking platform.

15. In January 2026, Plaintiff's lease was not linked to his online banking profile. Chase's platform displayed a $0.00 balance and did not display Plaintiff's active lease or any amount due.

16. At that time, Plaintiff was traveling between hospitals in connection with the birth of his son and did not have regular access to physical mail. Plaintiff reasonably relied upon Chase's official online banking platform to determine the status of his account.

17. Because Chase's platform concealed the active lease and displayed a $0.00 balance, Plaintiff was unaware that a payment was due and did not make the payment by its original due date.

18. Chase subsequently treated the account as delinquent and furnished a 30-day late-payment notation to Experian, Equifax, and Trans Union.

19. The derogatory reporting caused Plaintiff's credit score to fall approximately 174 points, from approximately 780 to approximately 606.

20. After discovering the problem, Plaintiff contacted Chase and explained that the lease had been missing from his online banking profile and that Chase's platform had displayed a $0.00 balance.

21. During Plaintiff's communications with Chase, a Chase representative admitted that this type of account-linking failure occurred frequently with Tesla lease accounts. Another representative stated that information displayed through Chase's online platform was merely for reference and did not need to be accurate.

22. On February 26, 2026, Chase banker Lorenzo Manjarrez investigated Plaintiff's account and manually restored the lease to Plaintiff's online banking profile.

23. After the manual intervention, Manjarrez sent Plaintiff a text message stating, "You should see now your auto loan and set up the auto payment. Everything should be taken care of."

24. Plaintiff immediately confirmed that the account appeared on his online profile and that automatic payments had been enabled. Manjarrez responded, "Amazing. Let me know if you need anything else."

25. The account's appearance only after Chase's manual intervention confirmed that the lease had not previously been properly linked to Plaintiff's online banking profile.

26. Plaintiff promptly brought the account current and thereafter continued making the required monthly payments.

27. Approximately three weeks after Chase restored the account to Plaintiff's online banking profile and Plaintiff cleared the past-due balance, Plaintiff received a telephone call from a third-party debt collector attempting to collect on the same lease. Plaintiff told the collector that the matter resulted from a Chase system error, that no past-due balance remained, and that the collector should stop calling. The collector's identity and the exact date of the call are presently unknown to Plaintiff.

28. On March 6, 2026, Plaintiff sent Chase a written dispute by certified mail explaining the account-linking failure and challenging the derogatory credit reporting.

29. On March 26, 2026, Chase responded that it had verified the derogatory reporting as accurate but failed to meaningfully address its account-linking failure, the inaccurate $0.00 balance displayed to Plaintiff, or the manual intervention required to restore the account.

30. Plaintiff also disputed the derogatory reporting with Experian, Equifax, and Trans Union and provided sufficient information to identify the account and explain why the reporting was inaccurate or materially misleading.

31. Experian, Equifax, and Trans Union notified Chase of Plaintiff's disputes and provided Chase with the information received from Plaintiff.

32. Despite receiving notice of Plaintiff's disputes, Chase failed to conduct a reasonable investigation and continued verifying the derogatory reporting without meaningfully considering its account-linking failure, the inaccurate information displayed through its online platform, or its employee's manual restoration of the account.

33. Experian, Equifax, and Trans Union failed to conduct reasonable reinvestigations, failed to evaluate the substance of Plaintiff's disputes, and continued publishing or verifying the derogatory reporting.

34. On March 31, 2026, Plaintiff submitted Complaint No. 260401-30748500 to the Consumer Financial Protection Bureau and again explained the account-linking failure, the inaccurate $0.00 balance, and Chase's manual restoration of the account.

35. On May 11, 2026, Chase refused to correct the derogatory reporting and asserted that Plaintiff's online access had become unavailable because the account was past due.

36. Chase's explanation was false or materially misleading because the lease had been missing from Plaintiff's online profile before any payment became due and became visible immediately after Chase's manual intervention while the account was allegedly still past due.

37. An Equifax credit report dated July 9, 2026 continued displaying a 30-day delinquency on Plaintiff's Chase account even though the account was current, the amount past due was $0, and Plaintiff had continued making the required payments.

38. Defendants' continued reporting and verification of the derogatory information damaged Plaintiff's credit reputation, impaired his ability to obtain mortgage financing on favorable terms, caused emotional distress, and required Plaintiff to expend substantial time and effort attempting to correct his credit reports.

39. Defendants knew or should have known that the challenged reporting was inaccurate, incomplete, or materially misleading. Their continued reporting and verification after receiving Plaintiff's disputes and supporting evidence was negligent, reckless, and willful.

**COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(Against Experian, Equifax, and Trans Union)**

40. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

41. Experian, Equifax, and Trans Union are consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).

42. Experian, Equifax, and Trans Union prepared, maintained, and furnished consumer reports concerning Plaintiff that included the inaccurate or materially misleading 30-day delinquency on Plaintiff's Chase account.

43. The reporting was inaccurate or materially misleading because it attributed the delinquency to Plaintiff without accounting for Chase's failure to link the active lease to Plaintiff's online banking profile, its display of a $0.00 balance, and the manual intervention required to restore the account.

44. Experian, Equifax, and Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports.

45. Experian's, Equifax's, and Trans Union's violations were negligent and willful because they continued publishing the derogatory information after receiving Plaintiff's disputes and supporting information.

46. As a direct and proximate result of these violations, Plaintiff suffered damage to his credit reputation, impaired access to credit and mortgage financing, emotional distress, and other actual damages.

47. Plaintiff is entitled to actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**

**(Against Experian, Equifax, and Trans Union)**

48. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

49. Plaintiff notified Experian, Equifax, and Trans Union that the reported 30-day delinquency on his Chase account was inaccurate or materially misleading and provided sufficient information to identify the account and explain the basis of his disputes.

50. Experian, Equifax, and Trans Union were required to conduct reasonable reinvestigations to determine whether the disputed information was inaccurate, incomplete, materially misleading, or unverifiable.

51. Experian, Equifax, and Trans Union failed to conduct reasonable reinvestigations, failed to meaningfully evaluate the information provided by Plaintiff, and relied upon Chase's verification without independently considering the specific basis of Plaintiff's disputes.

52. Experian, Equifax, and Trans Union failed to delete or modify the derogatory information despite evidence that Chase's account-linking failure concealed the lease from Plaintiff's online banking profile, caused the platform to display a $0.00 balance, and required manual intervention to restore the account.

53. Experian's, Equifax's, and Trans Union's violations were negligent and willful because they continued publishing the derogatory information after receiving Plaintiff's disputes and supporting information.

54. As a direct and proximate result of these violations, Plaintiff suffered damage to his credit reputation, impaired access to credit and mortgage financing, emotional distress, and other actual damages.

55. Plaintiff is entitled to actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)**
**(Against Chase)**

56. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

57. Chase regularly furnished information concerning Plaintiff's automobile lease to Experian, Equifax, and Trans Union.

58. Plaintiff disputed the derogatory reporting with Experian, Equifax, and Trans Union, which thereafter notified Chase of Plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a)(2).

59. After receiving notice of Plaintiff's disputes from the consumer reporting agencies, Chase was required to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agencies, and report the results of its investigation.

60. Chase was further required to modify, delete, or permanently block any disputed information that was inaccurate, incomplete, materially misleading, or could not be verified through a reasonable investigation.

61. Chase failed to conduct a reasonable investigation and continued verifying the derogatory reporting without meaningfully considering its account-linking failure, the inaccurate $0.00 balance displayed through its online platform, or the manual intervention required to restore Plaintiff's account.

62. Chase also failed to reconcile its assertion that Plaintiff's online access became unavailable because the account was past due with the evidence that the lease was missing before any payment became due and became visible after manual intervention while the account was allegedly still past due.

63. Chase failed to correct, delete, or permanently block the inaccurate or materially misleading derogatory information and continued furnishing or verifying that information to Experian, Equifax, and Trans Union.

64. Chase's violations were negligent and willful because it continued verifying the derogatory information after receiving repeated notice of Plaintiff's disputes and the evidence supporting them.

65. As a direct and proximate result of Chase's violations, Plaintiff suffered damage to his credit reputation, impaired access to credit and mortgage financing, emotional distress, and other actual damages.

66. Plaintiff is entitled to actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT CALIFORNIA CIVIL CODE § 1785.25(a)**
**(Against Chase)**

67. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

68. Chase regularly furnished information concerning Plaintiff's automobile lease to Experian, Equifax, and Trans Union.

69. California Civil Code section 1785.25(a) prohibits a person from furnishing information concerning a specific transaction or experience to a consumer credit reporting agency when the person knows or should know that the information is incomplete or inaccurate.

70. Chase knew or should have known that the derogatory reporting was incomplete, inaccurate, or materially misleading because its own account-linking failure concealed Plaintiff's lease from his online banking profile and caused its platform to display a $0.00 balance.

71. Chase received further notice of the inaccurate or materially misleading reporting through Plaintiff's direct dispute, Plaintiff's disputes with the consumer reporting agencies, and Plaintiff's CFPB complaint.

72. Chase's own employee manually restored the lease to Plaintiff's online banking profile, further confirming that the account had not previously been properly linked or displayed.

73. Despite this knowledge, Chase continued furnishing or verifying the 30-day delinquency to Experian, Equifax, and Trans Union without disclosing or accounting for its account-linking failure.

74. Chase's violations were willful and, alternatively, negligent because it continued furnishing or verifying the derogatory information after receiving repeated notice of Plaintiff's disputes and the supporting evidence.

75. As a direct and proximate result of Chase's violations, Plaintiff suffered damage to his credit reputation, impaired access to credit and mortgage financing, emotional distress, and other actual damages.

76. Plaintiff is entitled to actual damages, punitive damages, costs, and reasonable attorney's fees pursuant to California Civil Code section 1785.31.

**COUNT V: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE §§ 1788 ET SEQ. AND 1788.17**
**(Against Chase)**

77. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

78. Plaintiff's automobile lease was a consumer debt arising from a transaction entered into primarily for personal, family, or household purposes.

79. Plaintiff was a debtor, and Chase acted as a debt collector, as those terms are defined by the Rosenthal Fair Debt Collection Practices Act, when it attempted to collect the alleged delinquency from Plaintiff.

80. California Civil Code section 1788.17 requires debt collectors subject to the Rosenthal Act to comply with title 15 United States Code sections 1692b through 1692j.

81. Title 15 United States Code section 1692e prohibits the use of false, deceptive, or misleading representations or means in connection with the collection of a debt.

82. Title 15 United States Code section 1692e(8) prohibits communicating or threatening to communicate credit information that is known or should be known to be false, including the failure to communicate that a disputed debt is disputed.

83. In connection with collecting the alleged delinquency, Chase furnished or continued furnishing credit information that it knew or should have known was inaccurate, incomplete, or materially misleading.

84. Chase failed to accurately communicate the disputed nature of the alleged delinquency and continued furnishing or verifying the derogatory information after receiving Plaintiff's disputes and supporting evidence.

85. Chase's continued reporting and verification of the derogatory information constituted false, deceptive, or misleading conduct undertaken in connection with the collection of Plaintiff's consumer debt.

86. Chase's violations were knowing, willful, and persistent and continued despite Plaintiff's repeated efforts to explain and document the account-linking failure.

87. As a direct and proximate result of Chase's violations, Plaintiff suffered damage to his credit reputation, impaired access to credit and mortgage financing, emotional distress, and other actual damages.

88. Plaintiff is entitled to actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to California Civil Code section 1788.30.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Yen-Chi Chang respectfully requests judgment against Defendants, and each of them, as follows:

A. For actual and compensatory damages according to proof;
B. For statutory damages as permitted by law;
C. For punitive damages based upon Defendants' willful violations and malicious, oppressive, fraudulent, and reckless conduct;
D. For an order requiring Defendants to correct or delete the inaccurate or materially misleading credit information to the extent permitted by law;
E. For declaratory and injunctive relief as permitted by law;
F. For prejudgment and postjudgment interest at the maximum lawful rate;
G. For reasonable attorney's fees and costs of suit; and
H. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

89. Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Respectfully submitted this 8th day of October, 2026.

**Law Offices of Todd M. Friedman, P.C.**

*/s/ Todd Friedman*

By: ______________________
Todd M. Friedman, Esq.
Shane Bernard
Attorney for Plaintiff